## McDermott v. McDermott et ux. (No. 2)

*James J. Powell* and *Maurice V. Cummings*, for plaintiff.

*Joseph J. Walsh,* for defendants.

HOBAN, P. J., June 10, 1954.—Preliminary objections to the amended complaint in assumpsit were dismissed on April 19, 1954, and defendants directed to answer over in 10 days. Defendants failed to answer over in the 10 days' period but on May 1, 1954, filed a paper labeled: "Petition and Notice to Plaintiff of Filing Requests for Admission." Leave of court was neither asked nor granted to file this paper. A copy thereof was duly filed upon counsel for plaintiff. On May 6, 1954, plaintiffs filed praecipe for judgment for failure to file an answer as permitted by Pa. R. C. P. 1037 and assessed damages for plaintiff against Harry McDermott and Lucille McDermott jointly in the sum of $4,618, with interest from May 6, 1954, and against individual defendant, Harry McDermott, in the sum

of $2,220.47, with interest from May 6, 1954. On May 12, 1954, plaintiff filed a motion to strike off the paper filed as a notice for filing requests for admission. On May 17, 1954, defendants filed a petition for a rule to open the judgment entered because of default and to be allowed to be let into a defense. On May 20, 1954, defendant filed a motion to dismiss plaintiff's rule to strike off the notice of filing requests for admission, and on the same day plaintiff filed his answer to a rule to open judgment.

A written request by a party served upon an adverse party for an admission by the adverse party, for the purposes of the pending action, of the genuineness of a writing, document or record, or the truth of any fact with reference to its authenticity as permitted by Pa. R. C. P. 4014, does not require permission of court either to file the same or serve it upon the adverse party. See opinion filed this day in Scranton Lackawanna Trust Company v. McDermott, in equity, to January term, 1953, no. 7. Plaintiff on receipt of this request is required within 10 days after service to enter a sworn denial or explanation why he cannot admit or deny the matter, or file objections to the relevance or competence of the matter or the scope of the request. In this and the companion cases arising out of the controversies between these parties considerable confusion seems to have arisen about the proper initiation and conduct of these discovery proceedings. In this instance the requests seem to be proper and in accordance with the intent of Pa. R. C. P. 4014, but because of the confusion as to the requirements of the rule we are not disposed to consider the averments as now admitted for failure to take the action required by rule 4014(b) within 10 days from the date of filing.

We invite the attention of counsel to the fact that while we will require plaintiff to take the action required by rule 4014(b), this does not operate as a stay of other proceedings in the case. It is obvious that in-

formation requested or the admissions sought are not necessary for the preparation of a pleading, while they may be advantageous for use at trial to save the formality of proof. Since the facts are within the knowledge of defendants who are parties to the document, they may found any available defense upon their own knowledge and do not require advance discovery in order to prepare an answer to the complaint.

Now, June 10, 1954, defendants' motion to dismiss the rule to strike off is sustained and the rule to strike off the paper filed is discharged. Plaintiff is to enter sworn denials or explanations or objections as provided by Pa. R. C. P. 4014(*b*) within 10 days hereof.